# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHN D.,[1]     )
          )
    **Plaintiff,**  )
          )  **CIVIL ACTION**
**v.**          )
          )  **No. 18-1122-JWL**
**NANCY A. BERRYHILL,**  )
**Acting Commissioner of Social Security,** )
          )
    **Defendant.**  )
_____)

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A). Finding error in the Administrative Law Judge's (ALJ) determination to afford substantial weight to the state agency psychological consultant's opinion but failure to include all limitations from that opinion in the residual functional capacity (RFC) assessed or to explain his reasons for not doing so, the court ORDERS that

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g)

REVERSING the Commissioner's final decision and REMANDING this case for further

proceedings consistent with this decision.

## I.    Background

Plaintiff argues that the ALJ failed to properly evaluate his mental impairments.

He points out that the ALJ accorded substantial weight to the opinion of the state agency

psychological consultant, Dr. Cohen, and that Dr. Cohen opined that Plaintiff "[m]ay

require extra training to master changes in work procedures.  Needs help setting

appropriate workplace goals."  (Pl. Br. 8) (quoting R. 103-04).  He claims this is error

because the ALJ failed to include these limitations in the RFC assessed or to explain why

he did not do so.  Id. at 9.  The court agrees.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052

(10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he

findings of the Commissioner as to any fact, if supported by substantial evidence, shall be

conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual

findings are supported by substantial evidence in the record and whether he applied the

correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord,

White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than

a scintilla, but it is less than a preponderance; it is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."  Richardson v.

Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen,

862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner

assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process--determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds error as suggested in Plaintiff's Brief.

## II.    Discussion

Both parties agree that the ALJ erred in evaluating Dr. Cohen's opinion, and the Commissioner admits that "Plaintiff is correct that the ALJ gave substantial weight to Dr. Cohen's conclusions about Plaintiff's mental limitations, yet did not explicitly incorporate two of those limitations into the RFC finding (or the hypothetical question posed to the vocational expert)." (Comm'r Br. 5). She argues, however that the error had no meaningful impact on the outcome of the agency's decision and is not grounds for reversal. This is so, in the Commissioner's view, for four reasons. First, because Dr. Cohen's opinion regarding the need for additional training on changes in work

procedures is speculative and is "not a definite requirement for such assistance across all work settings, but rather an indefinite statement about a possible need." (Comm'r Br. 7). Second, even if Dr. Cohen believed the limitations were essential, the representative jobs relied upon by the ALJ are unskilled and by definition unskilled jobs such as these are "the type of simple work in which one would expect employees to receive specific instruction about both work procedures and work goals." Id. at 8. Third, in the past Plaintiff performed semi-skilled work which is more mentally demanding, he lost that job because of physical, not mental health issues, and "it follows that the lesser demands from unskilled jobs would not be mentally problematic in the manner Plaintiff suggests." Id. Finally, the Commissioner argues that Plaintiff had the opportunity at the disability hearing to question the vocational expert (VE) regarding the import of Dr. Cohen's opinion and he opted not to do so. Id. at 9. Plaintiff argues that the Commissioner's arguments constitute merely post hoc rationalization of the ALJ's decision which is not permitted. (Reply 3).

Because the parties agree the ALJ erred, the question the court must answer is whether the error was harmless. The court cannot find with any degree of confidence that the error was harmless, and for that reason remand is necessary for the Commissioner to consider Dr. Cohen's limitations properly.

In his opening statement at the disability hearing, Plaintiff's attorney argued that there is a question whether Plaintiff's condition meets Listing 12.05C for intellectual disability. (R. 40). He argued:

the reason I say that is because he was actually approved for disability when he was in his 20s under 12.05C, which allowed him to get the work he had with Futures Unlimited, which was in a sheltered workshop environment. After working there in a sheltered workshop environment for a while, they transitioned him to a more formal position, which is the one that he had that ended here recently. So that's why he was transitioned off of disability. There is a CE [(consultative examination)] in the file. Dr. Mintz [PHONETIC] noted that he functions in the intellectual disability range. I mean, he's in his 50s now, so I assume we can't find the prior application and see what IQ testing was in there. So I would ask that we at least get some IQ testing to confirm he's in the intellectual disability range. But I think that's supported now by Dr. Mintz's report, but also work at Futures Unlimited and the past approval on 12.05C.

Id. As the parties recognize, Dr. Cohen stated that Plaintiff "[m]ay require extra training to master changes in work procedures. Needs help setting appropriate workplace goals." (R. 117). It is these limitations which the ALJ failed to include in the RFC assessed or to explain why he did not do so, and the parties agree that was error. Dr. Cohen's limitations considered in light of Plaintiff's counsel's argument at the disability hearing compel the conclusion that the ALJ's error was not harmless.

While Dr. Cohen's suggestion that Plaintiff may require extra training to adapt to changes in procedures may be seen as less than a definitive requirement, that possibility does not account for her finding that he "[n]eeds help setting appropriate workplace goals." Moreover, when viewed in light of counsel's argument that Plaintiff began work at Futures Unlimited in a sheltered workshop, that "fact" suggests that the "extra training to master changes in work procedures" may require an accommodation in order to learn a job before Plaintiff can perform it competitively. Of course this is all speculation, but that is all the court may do because the ALJ failed to address Dr. Cohen's limitations and clarify the ambiguities as required by Social Security Ruling (SSR) 96-8p.

The Commissioner's second argument fares no better. She argues that even if Dr. Cohen viewed her limitations as necessary, the ALJ determined Plaintiff is able to perform unskilled jobs which need "little or no judgment to do simple duties that can be learned on the job in a short period of time," and one "can usually learn to do an unskilled job in 30 days, and 'little specific vocational preparation and judgment are needed.'" (Comm'r Br. 7) (quoting 20 C.F.R. §§ 404.1568(a), 416.968(a)). However, Dr. Cohen, an expert who knows the definition of unskilled work, opined that Plaintiff is "able to understand and remember a two-step command involving simple instructions" (R. 116), and nonetheless opined that Plaintiff may need extra training and needs help setting goals. These ambiguities beg an explanation which was not given.

The Commissioner's third argument--that Plaintiff performed more mentally demanding work previously--fails for the same reason as does her first argument. It is by no means clear, especially in light of counsel's argument at the hearing, that Plaintiff's prior work was not accommodated work, or that his training for that work was not accommodated, thereby lending even greater support for the possibility that Dr. Cohen was suggesting a need for accommodation in extra training.

Finally, the Commissioner argues that Plaintiff did not question the vocational expert at the disability hearing regarding the impact of Dr. Cohen's limitations on the availability of jobs in the economy. "It is well established that a Social Security disability hearing is a nonadversarial proceeding, in which the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts. This duty to develop the record pertains even if the claimant

is represented by counsel." <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1492 (10th Cir. 1993)

(quotations and citations omitted). The record makes clear that Plaintiff's counsel

expressed his concerns and his view of the facts. The ALJ did not address this issue

except to order additional consultation with Dr. Mintz and failed to address the

ambiguities created by Dr. Cohen's opinion. As Plaintiff argues in his Reply Brief, "It

was impossible for [Plaintiff] to foresee that the ALJ would give substantial weight to Dr.

Cohen's opinion, accept all limitations from the opinion, and subsequently fail to include

those limitations in the RFC." (Reply 5). SSR 96-8p places the responsibility on the ALJ

to provide a narrative discussion including an explanation how ambiguities and material

inconsistencies in the evidence were considered and resolved and if the ALJ's RFC

assessment conflicts with a medical source opinion to explain why he did not adopt that

opinion. West's Soc. Sec. Reporting Serv., Rulings 149-50 (Supp. 2018). Here the ALJ

did not meet his responsibility, and remand is necessary for the Commissioner to properly

evaluate Dr. Cohen's opinion, particularly in light of counsel's argument at the hearing.

     **IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the

fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision

and REMANDING this case for further proceedings consistent herewith.

     Dated March 27, 2019, at Kansas City, Kansas.


                    s:/ John W. Lungstrum_____
                    **John W. Lungstrum**
                    **United States District Judge**