# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| APRIL JANE DUGAN, )<br>as next heir of deceased, John Dugan )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>ANDREW M. SAUL, )<br>Commissioner of Social Security, )<br>)<br>**Defendant.** )<br>_____) | CIVIL ACTION<br><br>No. 18-1122-JWL |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for attorney fees under the Equal Access to Justice Act (EAJA)[1] (28 U.S.C. § 2412) (Doc. 19 and Attachs. 1-8). The Commissioner has no objection to the requested EAJA fee award of $4,115.00, which represents 18.4 attorney hours at a rate of $193.75 per hour plus 5.5 law clerk

---

[1]In relevant part, the EAJA states:

(d)(1)(A) ... a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412.

hours at a rate of $100.00 per hour." (Doc. 26). Therefore, the court GRANTS Plaintiff's motion for attorney fees in the amount of $4,115.00.

The court has a duty to evaluate the reasonableness of every fee request. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The EAJA requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)). The test for substantial justification is one of reasonableness in law and fact. Id. The Commissioner bears the burden to show substantial justification for her position. Id.; Estate of Smith, 930 F.2d at 1501. The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living. Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).

The Commissioner does not object to the award of the fees requested and the court's independent review of the request reveals that Plaintiff's decedent was the prevailing party before this court, the position of the United States was not substantially justified, the hourly rates requested represent a proper adjustment for increases in the cost of living, and the hours expended were reasonable in the circumstances of this case.

**IT IS THEREFORE ORDERED** that plaintiff's motion for attorney fees under the EAJA (Doc. 19) is GRANTED, and that fees be awarded in the sum of $4,115.00 payable to Plaintiff and sent to the Parmele Law Firm.

Dated September 17, 2019, at Kansas City, Kansas.

                                                   s:/ John W. Lungstrum
                                                   **John W. Lungstrum**
                                                   **United States District Judge**